## MARSH et al. *v.* LAFOREST.

</div>

Payment to a person, to whom it was understood by the vendor at the time of the sale that the price was to be paid, made before the authority of the agent is revoked, will discharge the purchaser.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Eggleston*, for the appellants. *S. L. Johnson*, for the defendant.

The judgment of the court was pronounced by

EUSTIS, C. J. This is an action to recover nine hundred and forty-seven dollars seventy-three cents, the price of goods sold by plaintiffs to defendant's house, *A. Laforest & Co.*, in New York, in May, 1839.

The defendant's house was in Thibodauxville; the plaintiffs are merchants in New York.

The purchase was made in New York by *D. M. Lyons*. It was made under an authority from his brother *Harris Lyons*, who was in business in New Orleans. The letter ordering the purchase says: " *Laforest* wants you to buy him two boxes," &c. It then describes the goods wanted, and has this significant expression: " You may depend that I will not use the funds this time." It urges the immediate forwarding of the goods, and states that nothing was said about time, and concludes: " So, I presume, cash as soon as received. I send this by express on account of the above order—nothing new or strange, except times hard—no money—almost *discouraged*," &c.

The witness who wrote this letter, swore that when the goods were ordered by *Laforest*, he promised to pay for them on their arrival. The payment was to be made to the witness.

The condition on which these goods were ordered by the defendant from New York was, that *Lyons* in New Orleans was to receive payment for them on their arrival.

MARSH
v.
LAFOREST.

A written order was sent by *Lyons* in New Orleans to his brother in New York, on which the purchase was made.

Goods had, previously to this purchase, been bought by *Lyons* in New York of the plaintiffs, and paid for through him by *Laforest & Co.*

*Lyons* in New York, in his testimony, says: " The letter of *H. Lyons* ordering the goods referred to, was shown to the plaintiffs by me within a few days *after its receipt.*"

In another place this witness says: " I applied to the plaintiffs for the purchase of these goods. I made the application in the name of *A. Laforest & Co.*, and for their use and on their credit. I exhibited a letter from my brother to the plaintiffs," &c.

The witness states that the goods were purchased on the credit of *Laforest & Co.* solely, and that the application was made in their name and for their use. The goods were charged in the books of the plaintiffs to *A. Laforest & Co.*

The ship by which the goods were forwarded had a long passage. She was nearly two months on her voyage to New Orleans.

On her arrival, the goods were received and paid for. The payment was made, as agreed upon by *A. Laforest & Co.*, to *Harris Lyons.*

Now, if the plaintiffs, having before them the order of the defendant, with its conditions, thought it for their interest to allow *Lyons* in New Orleans to receive the money for their goods, how can they make the defendant liable for the price, after having paid it once to the person to whom by the original contract the payment was to be made ?

That they had the order before them is proved by their own witness. Even admitting it was shown to them after the sale was made, they ought to have apprized *Laforest & Co.*, if they did not intend that *Lyons* in New Orleans should receive the money; and, for this, they had abundant time before the arrival of the goods in New Orleans.

The difficulty arises in this case from *Laforest* being a punctual, cash man, and the brothers *Lyons* quite otherwise.

The plaintiffs only received a partial payment for their goods; but the fault is their own. Had they dealt directly with the defendant, or his house, they would have been paid in full; and the loss is attributable to the selection of their own agents.                              *Judgment affirmed.*